## SEARLS *v.* WORDEN and others.*

*(Circuit Court, D. Michigan.* February 6, 1882.)

**1. REVIEW—CO-ORDINATE COURTS—JURISDICTION.**

In patent causes the circuit court will not review the findings of another court of co-ordinate jurisdiction, except in a case of clear mistake of law or fact, of newly-discovered testimony, or upon some question not considered by such court.

**2. REISSUED PATENT—IMPROVEMENTS.**

Letters patent No. 5,400, reissued to Erastus W. Scott for an improvement in whip sockets, are valid, and are infringed by the device described in letters patent No. 8,581, reissued to Henry M. Curtis and Alva Worden, for an improvement in whip holders.

**3. SAME—VALIDITY—IDENTITY, HOW DETERMINED.**

A reissued patent is valid, if for the same invention as the original. The identity of the inventions is determined by the drawings and specifications construed together and not separately.

This was a bill in equity, to establish the validity of reissued letters patent No. 5,400, dated May 6, 1873, to Erastus W. Scott, for an improvement in whip sockets, and to recover damages for the infringement of the same by the defendants. Complainant was the assignee of the inventors. The alleged improvement consists in the combination with the whip socket of a lever swinging upon a fulcrum midway between the two ends of the lever, the office of which was to hold the whip upright, and prevent its wabbling in the socket. The three claims alleged to have been infringed were as follows:

"(1) The combination of the stationary part of a whip socket and a lever, the lever being hinged or pivoted, so that the lever bears against the whip, at or near the end of the lever, to hold the whip in position for the purpose set forth. (2) The lever, B, curved or inclined inward from its point of pivot, and used in connection with the stationary part, A, substantially as and for the purpose specified. (3) The lever, B, pivoted at a point inside of its center of gravity, so that when left free the upper part of the lever will fall outward, substantially as and for the purpose set forth."

The defendants insisted in their answer:

*First.* That the reissued patent was not for the same invention as the original. *Second.* That Scott was not the first and original inventor of the improved claim, but that he was anticipated by a large number of patents, which were offered in evidence to substantiate this defence. *Third.* That the whip sockets made and sold by the defendants do not infringe complainant's patent.

It appeared upon the hearing that in a suit brought by the complainant against certain persons in the city of New York, who were

*Reversed. See 7 Sup. Ct. Rep. 814.

selling the whip sockets manufactured by the defendants, these several defences were set up and overruled; that complainant recovered a decree; and that the case was then in the hands of a master upon a reference to assess the complainant's damages.

In Equity.

*J. P. Fitch*, for complainant.

*Sprague & Hunt*, for defendants.

BROWN, D. J. It would be quite sufficient authority for a decree in favor of the complainant in this cause to simply refer to the opinion of Judge Wheeler, sitting in the southern district of New York, declaring the validity of complainant's patent and the reissue, and pronouncing the device of the defendants in that case, who were vendees of the defendants in this case, an infringement. Except in some minor particulars the two cases are identical. While it is conceded that the decree in that case would not operate as an estoppel here, the opinion of the court is entitled to something more than respectful consideration. Upon general questions of law we listen to the opinions of our brother judges with deference, and with a desire to conform to them if we can conscientiously do so, but we do not treat them as conclusive. In patent causes, however, where the same issue has been passed upon by the circuit court sitting in another district, it is only in case of a clear mistake of law or fact, of newly-discovered testimony, or upon some question not considered by such court, that we feel at liberty to review its findings.

A division of opinion upon the same issue might give rise to litigation in a dozen different districts, to conflicting decrees, and to interminable contests between rival patentees. In case the defeated party is dissatisfied with the first decision, it is his right to resort to the appellate court, where a final decision can be obtained, which all inferior courts are bound to respect. This subject was so elaborately discussed by the late Judge Emmons, and the authorities so fully collated in the *Goodyear Dental Vulcanite Co.* v. *Willis*, 1 Flip. 388, that it is unnecessary to consider it further. We are content simply to announce our adherence to his views. But the recent decision of this court upon a question of reissue (*Kells* v. *McKenzie*, 9 FED. REP. 284) would, perhaps, demand of us an interpretation of the reissue in this case which would seem consistent with the opinion in that. In *Kells* v. *McKenzie* we held (following the later, and, as we believed, the sounder, judgments of the supreme court) that a reissued patent is not valid for everything which might have been claimed in the original, and that its validity does not depend wholly upon the fact

that the new features attempted to be secured thereby were suggested in models, drawings, or specifications of the original patent. Hence, as the patentee in that case claimed as his invention a particular part of a machine, and his claims were all limited to that part, we held that a reissue embracing other and distinct portions of the machine was not for the same invention, and was, *pro tanto*, void, although the designs accompanying the original patent showed all the features contained in the reissue.

No such question arises in this case. The distinction between the two is subtantial and clear. The validity of the reissue depends upon the fact whether the patents are for the same invention, and the identity of the invention must be determined by the drawings and specifications construed together.

In his original patent, No. 70,627, Scott claimed that his invention related to a new and improved fastening supplied to a whip socket in such a manner as to hold the whip firmly therein, and prevent it from moving or shaking laterally, and at the same time not interfere in the least with its ready insertion in the socket, and its withdrawal therefrom. His claim was: "A whip socket provided with a fastening composed of a lever, arranged or applied, substantially as shown and described, to hold the whip steady or firm in its socket as set forth." In his reissue he describes his improvements as consisting in the use of a lever with the stationary or upright portion of the socket, abandoning the single claim of his original patent, and setting forth in three new claims, somewhat more in detail, the lever and its combination with the whip socket. A glance at the drawings and specifications will show that the patents are for the same invention, viz., a whip socket, arranged with a lever swung upon a central pivot, and operating so as to admit the whip without difficulty, and hold it firmly in position, and at the same time not preventing its easy withdrawal. So far from there being any attempt in the reissue to expand the claim of the original patent, and embrace devices which might have come into use since the original patent was granted, its purpose was evidently only to make that definite which had before been obscure, and to set forth, in more precise and accurate terms, the details of the invention. I regard the reissue in this case as a perfectly legitimate use of the privileges conferred by the act upon that subject.

*Second.* In support of the defence that Scott was not the original inventor of this whip socket a large number of patents were introduced in evidence, and claimed as anticipations, some of which were

before Judge Wheeler, and others not. A single observation will dispose of them all. Had complainant's patent been simply for a lever working upon a central pivot, with a function to be performed by each end of the lever, his invention would have been anticipated by most or all of these devices; but complainant's patent is for a combination of the stationary part of a whip socket and a lever; and as none of these devices have any connection whatever with whip sockets, and none of them could be applied to a whip socket without invention, it seems to me that they cannot be claimed as anticipations. *Crandal v. Walters*, 9 FED. REP. 659. Certainly none of them would be infringements of complainant's patent.

*Third.* Upon the question of infringement I concur in the opinion expressed by Judge Wheeler. Defendants' device is undoubtedly an improvement upon complainant's, and I think so far an improvement as to show an exercise of the inventive faculty; but in the material points, viz., the use of the lever, pivoted upon a central fulcrum, and operating to receive the whip when inserted in the socket, to hold it firmly while remaining therein, and to permit of its easy withdrawal, by the alternate swinging backward and forward of the two arms of the lever, it seems to me they are essentially the same. In the complainant's device the lever is comparatively small, and working in a narrow slot. In defendants' device it composes half the circumference of the whip socket, but in both are found the essential feature of complainant's patent. There may be some doubt as to whether complainant's device is so far practicable as to fall within the definition of "useful invention;" but as this point was not insisted upon I assume that it is. That defendants' socket is a great improvement over the one exhibited in the patent there seems to be little question.

A decree must be entered in favor of the complainant, with the usual reference to a master to assess damages.